IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 MAY 25 ℗ 12: 31

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | | |
|---|---|---|
| BELINDA G. WEBB, | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL CASE No.: 2:07-CV-471-ID |
| vs. | ) | |
| | ) | COMPLAINT |
| MICHAEL W. WYNNE | ) | |
| SECRETARY OF THE AIR FORCE, | ) | DEMAND FOR TRIAL BY JURY |
| DEPARTMENT OF THE AIR FORCE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff, Belinda G. Webb, hereinafter referred to as "Plaintiff", is over the age of nineteen (19) years and a resident of Montgomery, Alabama and at all times material hereto was employed by the United States and served her employment under the direction of the Department of the Air Force.

2. Defendant, Michael W. Wynne, hereinafter referred to as "Defendant" on information and belief is the Secretary of the Air force and at all times material hereto conducted his official duties in such capacity in the United States of America and more specifically Maxwell-Gunter Air Force Base, Montgomery, Alabama.

### STATEMENT OF JURISDICTION

3. This Honorable Court has jurisdiction over this matter pursuant to the American with Disabilities Act, 42 U.S.C. §§12101 et.seq..

### DISCRIMINATION CHARGE FILED WITH EEOC

4. Plaintiff made her initial contact with the EEO counselor on 16 Jun 2005.

5.     Plaintiff filed her formal EEOC Complaint on 29 AUG 2005 and timely requested her

Final Agency Decision to which Plaintiff has not received as of the date of filing of this

Complaint which is outside the 180 days since requesting the Final Agency Decision

regarding Plaintiff's formal EEOC Complaint.

## STATEMENT OF FACTS

6.     Plaintiff is a qualified person with a disability pursuant to 42 U.S.C. §12111.

7.     Plaintiff was employed with the Department of the Air Force for some ten (10) years up

to the occurrence of the allegations and averments made the basis of this suit.

8.     At all times material hereto Defendant was aware of Plaintiff's ongoing medical and her

active and recurrent medical condition. As recognized by the Department of Labor and

OWCP.

9.     On or about 24 MAY 2005 Plaintiff's initial and primary treating physician notified the

OWCP (Office of Worker's Compensation)  via letter correspondence in pertinent part

that Plaintiff's medical condition rendered her incapable of maintaining full time

employment and further recommended that Plaintiff work on a part-time basis for four

hours per day.

10.    On 31May 2005 Plaintiff arrived at work on time as scheduled and at some point during

the workday Plaintiff was required to be taken to the local hospital for treatment.

11     On 31 May 2005,Plaintiff became increasingly ill and was taken to the local emergency

room for treatment by her treating physician, Dr. Glymph.

12.    On 01 JUN 2005 Plaintiff returned to work and submitted a request for leave consistent

with and based upon medical documentation from her emergency room visit the previous

day which stated Plaintiff would need to work a reduced one-half time work schedule for

the following two weeks.

13. On 02 June 2005 Plaintiff's submitted request to follow the recommendations of her physician was denied by Maj. Mark A. Brown.

14. On or about 02 JUN 2005 Maj. Mark A. Brown, Lt. Col. Hennigan, and Hope McMahon denied Plaintiff's request and in so doing indicated the basis of the denial was inadequate medical documentation which supported the necessity of the requested leave and / or reduced work schedule. Further, Plaintiff was refused leave by Maj. Mark A. Brown and subsequently had to be taken via ambulance to a local emergency room where she presented with dangerously high blood pressure and severe pain.

15. Plaintiff has never been apprised of any information which would lead Plaintiff to believe that Maj. Mark A. Brown nor Lt. Col. Hennigan neither were, at any time material hereto, a board certified physician qualified to determine that recommendations from Plaintiff's treating physicians were insufficient, inadequate, and / or devoid of any meritorious basis for said recommendations. Moreover, Plaintiff and her treating physicians were likely unaware of any law rule, and / or regulation which required them to provide Maj. Mark A. Brown and Lt. Col. Hennigan with a full soliloquy of medical knowledge to form the basis for their medical expert opinions so as to appease Maj. Mark A. Brown and Lt. Col. Hennigan  and other superiors of Plaintiff. Plaintiff's medical condition and disability was more than adequtely documented and known to Defendant.

16. On or about 01 JUN 2005 Plaintiff submitted a leave request for the four hours she was absent from work on 31 May 2005 and the four hours she was absent from work on 01 JUN 2005.

17. Plaintiff's request for leave for 31 May 2005 and 01 JUN 2005 was approved by Maj.

Mark A. Brown.

18. Plaintiff submitted a request for leave without pay (LWOP) for the period from 02 JUN 2005 through 17 JUN 2005 consistent with and pursuant to her treating physicians expert medical opinion that Plaintiff needed to be on a reduced work schedule for the two weeks following the 31 May 2005 incident.

19. On or about 02 JUN 2005 Plaintiff was presented with a letter from Maj. Mark A. Brown denying her requested two week reduced work schedule LWOP leave, again, for lack of sufficient medical documentation and instructing Plaintiff to submit additional medical documentation to substantiate the request.

20. MAJ. Mark A. Brown tendentiously relied upon a OWCP medical evaluation dating back to 2004 which concluded Plaintiff could work on a full time basis.

21. Plaintiff remained able to work on a full time basis and was present, willing, and able to work on a full time basis, however, when her medical condition, for which she is deemed a qualified disabled individual, caused her to need medication Plaintiff was denied the opportunity to leave for medical treatment and / or medication.

22. Plaintiff suffered an acute onset of threatening high blood pressure and pain on or about 02 JUN 2005 and was denied immediate medical attention and or treatment by Maj. Mark A. Brown, Lt. Col. John Hennigan and Ms. Hope McMahon.

23. On or about 06 JUN 2005, after being denied the leave request for the second time, Plaintiff responded to the denial of her 52 hours LWOP request with a request for 52 hours LWOP for the same period, 06 JUN 2005 through 17 JUN 2005. Further, later the same day Plaintiff submitted an additional request for 232 hours  LWOP under the Family Medical Leave Act (FMLA) to Ms. Hope McMahon for the period of 02 JUN 2005

through 25 JUL 2005, said request was denied and Plaintiff was informed the denial was based on lack of sufficient medical documentation.  Plaintiff was in fact transported 06 JUN 2005 by Ms. Hope McMahon where Plaintiff's treating physician, intolerant at this point at the Agency's ignoring Plaintiff's medical condition, insisted that Plaintiff be off from work for a period of six weeks.

24.   Plaintiff left work on 06 JUN 2005 and did not return due to the exacerbation of her medical condition which incidentally can be brought on by stress.

25.   Plaintiff was subsequently placed on Absent Without Leave (AWOL) status for several months.

26.   On or about 09 JUN 005 Plaintiff submitted additional medical documentation, however, Lt. Col. Hennigan on 16 JUN 2005 concluded the additional medical documentation submitted by Plaintiff was again insufficient and lacking in detail and specificity.

27.   Plaintiff was again instructed to provide even more medical documentation from her treating physicians.

28.   On or about 16 JUN 2005 Plaintiff was informed by letter from Lt. Col. Hennigan that she would be placed on AWOL for her absences and again concurring in the remarkable need for additional medical documentation.

29.   On or about 22 JUL 005 Plaintiff submitted a request for 560 hours of LWOP for the period of 25 JUL 2005 through 05 OCT 2005.

30.   On or about 22 JUL 005 Plaintiff received notification from OWCP that Plaintiff' recurrent condition was accepted by OWCP.

31.   At all times material hereto Defendant was acutely aware of Plaintiff's recurrent medical condition and disability.

32.   At all times material hereto Defendant failed to recognize and reasonably accommodate Plaintiff's disability by allowing Plaintiff to work from home as recommended an prescribed by Plaintiff's physicians.

33.   Plaintiff can, is, and was able to work her full time position and perform the essential duties of her position with accommodations as directed by Plaintiff's treating physicians. Moreover, those recommendations, prescription, and or suggestions from Plaintiff's treating physicians were reasonable and did not impose an undue hardship for Defendants business.  In fact, Plaintiff had performed the duties of her employment many times from her home and had been assigned a laptop computer for that purpose.  Further, Maj. Mark A. Brown had contacted Plaintiff and demanded that she return the laptop computer assigned to her so that he could provide it to someone else in his work group to enable them to work from home.

34.   On or about 31 May 2005 Plaintiff was denied the opportunity to compete for promotion and / or selection to the GS-1550 -13 position and the agbency fialed to protect her rights for promotion and advancement.

35.   The Agency favored other employees by moving them into GS-1550-12 positions without competition that ultimately postured them for promotion to GS-1550-13.

36.   Plaintiff had filed a previous EEO complaint whereupon her skill codes had not been properly maintained and or updated.  Further, due to the Agency's failure to properly update and maintain Plaintiff's skill codes Plaintiff wasn't given the opportunity to be promoted even though Plaintiff was equally or more qualified than others who were promoted.

37.   Based on the previous EEO complaint regarding Plaintiff's skill codes, the civilian

personnel office was aware that Plaintiff's skill codes were ripe to be updated.

38.   Plaintiff was denied her skill codes updates within a reasonable time and such activity,

conduct, and / or omission was deliberate, intentional, and caused Plaintiff not to be

considered for promotion.

## DISCRIMINATION UNDER AMERICANS WITH DISABILITIES ACT

39.   Plaintiff hereby re-iterates and incorporates all preceding paragraphs as if fully set out

herein.

40.   Plaintiff is a qualified disabled person who suffers from Chronic Fibromyalgia and

Myofascial Pain Syndrome and as such is also recognized and known to Defendant to

have an accepted recurring condition which substantially limits one or more major life

activities.

41.   Plaintiff is otherwise qualified to perform the essential functions of her job with

Defendant.

42.   Defendant has intentionally discriminated against Plaintiff because of her disability by

failing to reasonably accommodate Plaintiff's disability and failing to adhere to and

recognize the expert medical opinion of Plaintiff's treating physicians.

43.   Plaintiff requires reasonable accommodations to perform her job with Defendant and has

made this known to her superiors and Defendant.

44.   Plaintiff's treating physicians have prescribed Plaintiff to work half days,

45.   Defendant fails to recognize Plaintiff's needs for accommodation to work part time in the

office base and part time from Plaintiff's home.

46.   Despite Plaintiff's repeated requests for reasonable accommodations Defendant has failed

to make them.

47.    Plaintiff's requests for accommodation of flexible work hours and including part-time
work from home while maintaining full time status was a reasonable accommodation to
which Defendant has made no showing that such accommodation would present an undue
hardship on Defendants business.

48.    The essential portions of Plaintiffs employment could be performed from her home on a
part time basis without imposing any detriment or hardship to Defendant.

49.    Plaintiff was not eligible for promotion to the GS 1550-13 due to the failure of the
Agency to properly, adequately, and within a reasonable time update Plaintiff's skill
codes pursuant to a previous EEO complaint and settlement thereof.

50.    Plaintiff was caused to suffer further discrimination by the Agency's acts and /or
omissions whereby Plaintiff was overlooked for promotion when she was in fact as
qualified if not more qualified than others who were selected for the GS-1550-13
positions.

51.    Plaintiff has been denied the equal protection of her rights for advancement and
promotion.

**WHEREFORE**, Plaintiff demands judgment as against Defendant in an amount of
compensatory and punitive damages to be determined by a jury, plus reasonable attorneys fee and
costs of litigation.

## JURY DEMAND

52.    Plaintiff hereby demands trial by jury on all issues and matters contained herein.

**RESPECTFULLY SUBMITTED** this the 25th day of May, 2007.

Michael Guy Holton (HOL106)

Attorney for Plaintiff
Fuller,Taylor & Holton P.C.
5748 Carmichael Parkway, Suite D
Montgomery, Alabama 36117
(334) 514-6003 (direct)
(334) 244-0447
gholtonattorney@hughes.net